**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BRAD PAUL SMITH                                                                    PLAINTIFF
ADC #660448

v.                                          5:19cv00332-KGB-JJV

JAMES G. GIBSON, *et al*.                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.  An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

Brad Paul Smith ("Plaintiff"), currently confined in the Varner Supermax Unit of the Arkansas Department of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He sued Varner Supermax Warden James G. Gibson, Disciplinary Hearing Officer Justine Minors, and Disciplinary Hearing Administrator Randy Davis in their personal and official capacities. (*Id*. at 2.) According to Plaintiff's Complaint, Defendant Gibson filed a retaliatory discipline charge against Plaintiff. (*Id*. at 4-5.) Defendant Minor allegedly violated Plaintiff's due process rights when, after convicting Plaintiff of rule violations, she ordered that 104 days of his good time be forfeited. (*Id*. at 5.) Defendant Davis allegedly violated Plaintiff's due process rights by not responding to a grievance appeal within thirty days. (*Id*. at 6.) Plaintiff seeks damages. (*Id*. at 7.) After carefully reviewing Plaintiff's Complaint, I find he failed to state a claim upon which relief can be granted and recommend that his Complaint be dismissed without prejudice.

## II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

As explained in further detail below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.  His official capacity claims are barred by Eleventh Amendment immunity. His retaliatory discipline claim against Defendant Gibson is barred by the Supreme Court's ruling in *Heck v. Humphrey*.   Plaintiff's due process claim against Defendant Minors fails because Plaintiff cannot challenge his loss of good time credit in this civil rights action.  And finally, Plaintiff's claim against Defendant Davis fails because Plaintiff has no protected liberty interest in the grievance procedure.

A.    **Official Capacity Claims**

Plaintiff seeks damages.  (Doc. No. 2 at 7.)  His official-capacity damages claims are the equivalent of claims against the State of Arkansas.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 provides for a cause of action against a person acting under color of state law who deprives another of a federally-protected right.  42 U.S.C. § 1983.  However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Id.* Because all Defendants are officials of the State of Arkansas, they cannot be considered "persons" in their official capacities for the purposes of § 1983.  Accordingly, Plaintiff's official capacity claims must be dismissed.

B.    **Defendant Gibson**

Plaintiff, an ADC inmate, had been approved to transfer to the supervision of the Arkansas Department of Community Correction (parole) after a hearing on August 14, 2019.  (Doc. No. 2 at 18.)  Plaintiff asserts Defendant Gibson retaliated against him on August 19, 2019, by serving him with a major disciplinary "which resulted in [Plaintiff's] parole [being] rescinded or in other words revoked after it was granted."  (*Id.* at 10.)  Specifically, on August 19, 2019, Defendant Gibson received an Inmate Request Form from Plaintiff that read:

> I want to inform you that you better and need to come up with the photos and the video for the altercation that I was involved with 3 of your officers from last year!!! Don't get messed up in my lawsuit for someone you don't owe nothing.  Think about your kids and career, are you really willing to throw that away for obstruction of justice and evidence tampering, you can face up to 20 years in prison and think about what would happen if you came to prison around inmates you disrespected and did wrong.  Is it really worth it?  You know where to find me if you change your mind.  You messed up when you provided any of the videos cause now you got to explain why you don't have the video of them taking me out and into the shower buy you got the video of the nurses coming to see me.  Lie to a grand Jury and on top of all of the obvious you will go to prison long with the others, so you need to ask yourself what's best for you and your family.  Talk to you soon!!

(*Id.* at 8.)

Defendant Gibson took the language in the Request Form as a threat to his safety and charged Plaintiff with violating three prison rules. (*Id*.) A disciplinary hearing was held on August 27, 2019 over which Defendant Minor presided. (*Id*. at 10.) She found Plaintiff guilty of insolence to a staff member and assault—threat to inflict injury on another. (*Id*.) As a result, Plaintiff lost 104 days of good time, among other consequences. (Doc. No. 2 at 10.)

On September 4, 2019, Plaintiff received notice that he was scheduled to appear at a September 23, 2019 Parole Board Rescind Hearing. (*Id*. at 19.) Plaintiff maintains his parole was rescinded or revoked as a result of the August 19, 2019 disciplinary. (*Id*. at 10.) His claim, however, is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

As the United States Supreme Court has instructed:

> [W]he a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." *Id*. at 485 (internal citations omitted). The holding in *Heck* is applicable to claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). In other words, to succeed on his damages claim, Plaintiff must establish the unlawfulness of his confinement, which is the type of claim barred by *Heck*. *See Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002).

Further, a claim of retaliatory discipline will fail if the disciplinary was issued for the violation of a prison rule and some evidence exists that the inmate actually committed a rule violation. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (2001). Here, as Plaintiff explains in his

Complaint, the evidence is the language he used in the Request Form he wrote. (Doc. No. 2 at 6.) Plaintiff concedes he "told [Defendant Gibson] plainly don't get involved in my lawsuit I got against 3 of his officers and to look out for himself." (*Id*. at 4.) Plaintiff does not contest that he wrote the Request Form but rather maintains the language he used did not constitute a threat. (*Id*.) Nonetheless, the disciplinary was issued based on some evidence. And Plaintiff has not alleged that Defendant Minors was an impartial hearing officer. *See Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir. 1994) (*citing Wolff v. McDonnell*, 418 U.S. 539, 592 (1974) ("an impartial decision-maker is a fundamental requirement of due process.")). Accordingly, Plaintiff's retaliation claim fails.

### C.    Defendant Minors

Plaintiff contends Defendant Minors violated his due process rights by forfeiting 104 days of his good time credit after finding him guilty of rule violations. The nature of Plaintiff's challenge necessarily implies the invalidity of his confinement, and Plaintiff has not indicated that his sentence has been reversed, expunged, or called into question by a state tribunal or federal court. Under these circumstances, Plaintiff cannot challenge the loss of his good time credit in this civil rights action even when his claim is for damages; his only federal recourse is *habeas corpus*. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Accordingly, Plaintiff's claim against Defendant Minors must be dismissed.

### D.    Defendant Davis

Plaintiff asserts Defendant Davis violated his due process rights by not responding to his grievance appeal within thirty days. (Doc. No. 2 at 6.) Plaintiff, however, has no liberty interest in the grievance procedure. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). "[T]he mere violation of a state law or rule does not constitute a federal due process violation." *Williams v.*

6

*Nix*, 1 F.3d 712, 717 (8th Cir. 1992).  Because Plaintiff has not alleged that a protected liberty

interest was violated, he has failed to state a due process claim against Defendant Davis.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to

state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations and accompanying Judgment would not

be taken in good faith.

DATED this 24th day of October 2019.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."