IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BRAD PAUL SMITH**                                                                                              **PLAINTIFF**
**ADC #660448**

v.                                    Case No. 5:19-cv-00332-KGB-JJV

**JAMES G. GIBSON,** *et al.*                                                                             **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe. J. Volpe (Dkt. No. 4). Plaintiff Brad Paul Smith has filed objections to the Proposed Findings and Recommendations (Dkt. No. 5). The Court also has pending before it Mr. Smith's motion to amend complaint and motion for status update (Dkt. Nos. 6, 7). After careful consideration of the Proposed Findings and Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendation should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 4). The Court denies Mr. Smith's motion to amend complaint and denies as moot Mr. Smith's motion for status update and motion for leave to proceed *in forma pauperis* (Dkt. Nos. 6, 7, 8).

**I.    Background**

Mr. Smith, currently confined in the Varner Supermax Unit of the Arkansas Department of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2.). Mr. Smith sued Varner Supermax Warden James G. Gibson, Disciplinary Hearing Officer Justine Minors, and Disciplinary Hearing Administrator Randy Davis in their official and personal capacities (*Id.*, at 2). According to Mr. Smith's complaint, Warden Gibson filed a retaliatory discipline charge against him (*Id.*, at 4-5). Officer Minors allegedly violated Mr. Smith's due process rights when,

after convicting him of rule violations, she ordered that 104 days of his good time be forfeited (*Id.*, at 5).  Officer Davis allegedly violated Mr. Smith's due process rights by not responding to a grievance appeal within 30 days (*Id.*, at 6).  Mr. Smith seeks compensatory, punitive, and nominal damages (*Id.*, at 7.)

## II. Screening The Complaint

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*.  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  Analysis

The Court writes separately to address Mr. Smith's objections (Dkt. No. 5). In the Proposed Findings and Recommendations, Judge Volpe finds that Mr. Smith fails to state a claim upon which relief may be granted (Dkt. No. 4, at 3). The Proposed Findings and Recommendations state that Mr. Smith's official capacity claims are barred by Eleventh Amendment immunity, Mr. Smith's retaliatory discipline claim against Warden Gibson is barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), Mr. Smith's due process claim against Officer Minors fails because Mr. Smith cannot challenge his loss of good time credit in this civil rights action, and Mr. Smith's claim against Officer Davis fails because Mr. Smith has no protected liberty interest in the grievance procedure (*Id.*).

In response, Mr. Smith asserts that he has stated a claim in which damages could be granted, that his First and Fourteenth Amendment rights were violated by Warden Gibson's alleged retaliation, that his Fourteenth Amendment rights were violated by Officer Minors' alleged failure to provide Mr. Smith with a copy of a requested form prior to his disciplinary hearing, and that Officer Minors failed to give adequate reasons for finding Mr. Smith guilty at that hearing (Dkt. No. 5, at 1-2). Further, Mr. Smith states that he is not challenging his loss of good-time credits but instead Officer Minors' finding of guilt without properly giving Mr. Smith adequate reasons explaining that finding and without providing Mr. Smith with a copy of a form he requested (*Id.*, at 2). Mr. Smith also states that he is challenging the alleged retaliation of Warden Gibson in response to Mr. Smith telling Warden Gibson not to get involved in his lawsuit, which allegedly resulted in the rescinding or revocation or Mr. Smith's parole (*Id.*, at 3). Finally, Mr. Smith states that Officer Davis violated his due process rights by not responding to Mr. Smith's disciplinary appeal in the 30 days allotted for such a response (*Id.*).

Upon a *de novo* review of the record, including the Proposed Findings and Recommendations, the Court finds that Mr. Smith's objections break no new ground and fail to rebut the Proposed Findings and Recommendations. Thus, the Court agrees with the Proposed Findings and Recommendations and adopts them as its findings in their entirety (Dkt. No. 4).

**IV.     Motion To Amend**

Mr. Smith has also filed a motion to amend his complaint and attached his proposed amended complaint to that motion (Dkt. Nos. 6, 6-1). Mr. Smith states that he has stated genuine facts upon which relief may be granted and moves to amend his complaint pursuant to Federal Rule of Civil Procedure 15 (Dkt. No. 6). Mr. Smith's proposed amended complaint still names Mr. Gibson and Ms. Minors as defendants but identifies Raymond Naylor as the correct Disciplinary Hearing Administrator to sue rather than Mr. Davis (Dkt. No. 6-1, at 2, 7). Mr. Smith's proposed amended complaint sues these three defendants in their personal capacities only (*Id.*, at 2). Mr. Smith's proposed amended complaint also adds a claim for the alleged violation of his Eighth Amendment rights (*Id.*, at 6-7). Specifically, Mr. Smith re-alleges that Ms. Minors sentenced him to 30 days punitive isolation and now argues that this sentence violated his Eighth Amendment right to be free of cruel and unusual punishment (*Id.*, at 6). The remainder of Mr. Smith's proposed amended complaint appears substantively identical to his original complaint (Dkt. Nos. 1, 6-1).

The Court deems futile Mr. Smith's proposed Eighth Amendment claim. The Supreme Court has stated that "[c]onfinement in a prison or in an isolation cell is a form of punishment subject to scrutiny under Eighth Amendment standards." *Hutto v. Finney*, 437 U.S. 678, 685 (1978). In *Hutto*, however, the Supreme Court found punitive isolation sentences are not "inconsistent with the Constitution." *See id.* at 714; *see also Ervin v. Ciccone*, 557 F.2d 1260,

1262 (8th Cir. 1977) ("Punitive isolation or solitary confinement is not in itself cruel and unusual punishment.") (citations omitted). To sustain an Eighth Amendment claim, Mr. Smith "needs to show 'unnecessary and wanton infliction of pain' as well as a deprivation 'denying the minimal civilized measure of life's necessities.'" *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Mr. Smith "must also show that the defendants were deliberately indifferent to his health or safety . . . and that they acted maliciously for the purpose of causing him harm." *Id.* (citations omitted). In *Phillips*, the Eighth Circuit held that a 37-day period of punitive isolation did not violate the Eighth Amendment, even where the plaintiff alleged that a false disciplinary conviction led to the punitive isolation. *See id.* Given this precedent, the Court does not see how Mr. Smith's proposed amended complaint states an Eighth Amendment claim upon which relief could be granted. Accordingly, the Court finds Mr. Smith's proposed Eighth Amendment claim futile.

The remainder of Mr. Smith's proposed amended complaint does not cure the deficiencies in the original complaint identified by Judge Volpe in the Proposed Findings and Recommendations (Dkt. No. 4). For these reasons, the Court denies as futile Mr. Smith's motion to amend his complaint.

**V.     Conclusion**

For these reasons, the Court adopts the Proposed Findings and Recommendations in their entirety as this Court's findings in all respects (Dkt. No. 4). Therefore, it is ordered that:

1. Mr. Smith's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 2);

2. Mr. Smith's motion to amend complaint is denied as futile (Dkt. No. 6);

3. Mr. Smith's motion for status update is denied as moot (Dkt. No. 7);

4. Mr. Smith's motion for leave to proceed *in forma pauperis*, which he filed upon his release from custody, is denied as moot (Dkt. No. 8);

5. Dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g);

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered, this 30th day of September, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge